## PERSING *v.* DANIELS.

OFFICERS; GOVERNMENT EMPLOYEES; SECRETARY OF THE NAVY; MANDAMUS; NAVY YARD AT WASHINGTON.

1. In the absence of express statutory authority, the courts have no power to review the action of the head of an executive department in dis-

charging an employee for inefficiency. (Following *United States ex rel. Taylor* v. *Taft*, 24 App. D. C. 95.)

2. The proviso of the act of Congress of August 23, 1912 (37 Stat. at L. 360, chap. 350), to the effect that in the event of a reduction being made in the force of any of the executive departments in the District of Columbia, no honorably discharged soldier or sailor whose record is rated good shall be discharged or dropped or reduced in rank or salary, is ineffective until the system of efficiency ratings which the act requires the Civil Service Commission to establish with the approval of the President has been put into effect; so that mandamus will not lie to compel the Secretary of the Navy and the Commandant of the Navy Yard at Washington to reinstate a former employee of the Navy Yard, who is an honorably discharged soldier, and who has been discharged for lack of work, where it appears that such system of efficiency ratings has never been established.

3. *Quære*, whether the Navy Yard at Washington is part of the executive department of the Navy within the meaning of the act of Congress of August 23, 1912, requiring the Civil Service Commission, subject to the approval of the President, to establish a system of efficiency ratings for the classified service in the several executive departments in the District of Columbia.

No. 2793.   Submitted April 6, 1915.   Decided April 19, 1915.

HEARING on an appeal by the petitioner from a judgment of the Supreme Court of the District of Columbia discharging a rule to show cause issued on the filing of a petition for the writ of mandamus, and dismissing the petition after an answer had been filed thereto.                          *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment dismissing a petition for mandamus. Petitioner, M. S. Persing, alleged that he was, on April 8, 1914, and for many years prior thereto, an employee of the Washington Navy Yard, with a rating and pay as a machinist at $3.52 per day, and that on April 8, 1914, he was discharged and dropped from the roll of employees of the Navy Yard. That at the time of his discharge the record of plaintiff was rated very good, and that the reason assigned for his dis-

charge was a lack of work; that he is an honorably discharged soldier of the United States; that he had rendered good and efficient service in the position which he had, and his record had never been less than good. He quotes the following section of the appropriation act of August 23, 1912, as the ground of his exemption from discharge:

"The Civil Service Commission shall, subject to the approval of the President, establish a system of efficiency ratings for the classified service in the several executive departments in the District of Columbia based upon the records kept in each department and independent establishment with such frequency as to make them as nearly as possible records of fact. Such system shall provide a minimum rating of efficiency which must be attained by an employee before he may be promoted; it shall also provide a rating below which no employee may fall without being demoted; it shall further provide for a rating below which no employee may fall without being dismissed for inefficiency. All promotions, demotions, or dismissals shall be governed by provisions of the civil service rules. Copies of all records of efficiency shall be furnished by the departments and independent establishments to the Civil Service Commission for record in accordance with the provisions of this section:. Provided, That in the event of reductions being made in the force in any of the executive departments no honorably discharged soldier or sailor whose record in said department is rated good shall be discharged or dropped, or reduced in rank or salary." [37 Stat. at L. 413, chap. 350, Sec. 4, Comp. Stat. 1913, Sec. 3285.]

Respondent admitted that plaintiff is an honorably discharged soldier of the United States, and further says:

"Respondents admit that plaintiff was rated good in workmanship and conduct on the said 8th day of April, 1914, when he was discharged as aforesaid, and that the reason assigned for the discharge of said plaintiff was lack of work, but these respondents are unable to admit that the record of plaintiff during the period of his employment, as aforesaid, was never less than good. On the contrary, respondents aver that as shown by the official records of the Navy Yard and Station, and Naval

Gun Factory aforesaid, plaintiff's record during the period of his employment, as aforesaid, was as follows:

" 'M. S. Persing was employed in the ordnance department as a brass and iron finisher, class 3, 1893; final rating, class 2; rated all-round machinist, April 1, 1894, per N. Y. O. No. 5, of December 8, 1893; rated class 2, October 1, 1895; suspended March 16, 1911, for sleeping during working hours; rated class 2, February 9, 1911, not able to do the work required on account of old age. Classified May 11, 1913; rated from $3.28 to $3.52 *per diem* July 1, 1913, per schedule of wages effective July 1, 1913; warned January 30, 1914, for excessive loss of time; discharged April 8, 1914, for lack of work; conduct and work good. Discharged for missing six successive musters sixteen times, and re-employed in each instance.'

"Respondents admit the enactment of sec. 4 of the act of Congress approved August 23, 1912, entitled, 'An Act Making Appropriations for the Legislative, Executive, and Judicial Expenses of the Government for the Fiscal Year Ending June 30, 1913, and for Other Purposes,' as set forth by plaintiff in his petition filed herein, but they aver that the 'system of efficiency ratings for the classified service in the several executive departments in the District of Columbia,' as contemplated by said sec. 4 of said act, has never been established by the Civil Service Commission of the United States, and these respondents are informed that the said Civil Service Commission has held that the proviso of said sec. 4 of said act, 'that in the event of reductions being made in the force of any of the executive departments, no honorably discharged soldier or sailor whose record in said department is rated good, shall be discharged or dropped, or reduced in rank or salary,' does not become effective until such system of efficiency ratings shall have been approved by the President; and these respondents are advised and believe and aver that the said proviso is inoperative because said system of efficiency rating has never been so approved, and for other reasons.

"Answering further, respondents aver that there is not now, nor was there on the said 8th day of April, 1914, any lawful

system of efficiency ratings, or any such system of efficiency ratings as is contemplated by sec. 4 of said act, in existence or in operation in the Navy Department, or in the said Navy Yard and Station, or in the said Naval Gun Factory; wherefore the only means of ascertaining and declaring the efficiency or inefficiency of the plaintiff during the period of his employment as aforesaid was by the lawful and usual observation, judgment, and discretion reposed in plaintiff's superior officers, including respondent Daniels.

"These respondents further aver that plaintiff has never been an employee of the Navy Department, which is one of the several executive departments of the United States government, but, on the contrary, they aver that the said plaintiff during the period of his employment as aforesaid was an employee of one of the several Navy Yards and Stations of the United States, all matters and affairs pertaining to the said Navy Yards and Stations being by law placed under the absolute jurisdiction and control of the Secretary of the Navy as the administrative head of the said Navy Department; wherefore the plaintiff, by reason of such employment, as aforesaid, was not comprehended under the proviso of said sec. 4 of said act, and was not entitled to the benefits granted thereunder, even if sec. 4 of said act had been in full force, effect, and operation on the date of plaintiff's discharge, as aforesaid, which these respondents, upon advice and belief, deny."

There was no denial of the allegations of the answer, and the case was heard on the petition, rule to show cause, and the answer thereto.

*Mr. Frank E. Elder* for the appellant.

*Mr. John E. Laskey,* United States District Attorney, and *Mr. C. W. Arth,* Assistant, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Under the former laws the courts had no power to review the

action of the head of a department in discharging an employee for inefficiency. *Keim* v. *United States,* 177 U. S. 290, 44 L. ed. 774, 20 Sup. Ct. Rep. 574; *United States ex rel. Taylor* v. *Taft,* 24 App. D. C. 95.

August 23, 1912, the act of Congress was passed which is relied on in this case as changing that rule.

Passing by the question whether the Navy Yard in Washington is a part of the executive department of the Navy within the terms of that act, we assume for the purposes of this case that it was so intended. It appears nevertheless that the Civil Service Commission had never exercised the authority conferred thereby to establish a system of efficiency ratings for the classified service in the several executive departments of the District of Columbia.

That this proviso exempted discharged soldiers from discharge or dismissal has no effect. The proviso is a part of the section, and is not intended to have an independent operation.

This being the case, there is no foundation for the action, and the judgment is affirmed with costs.                    *Affirmed.*